| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF HARNETT | FILE NO.: _____ |

2020 SEP 30 A 11: 52

HARNETT CO., C.S.C.

BY_____

| JASON K. CORNETTE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| | ) (Jury Trial Requested) |
| UHIL 39, LLC | ) |
| Defendant. | ) |

**NOW COMES** the Plaintiff, Jason K. Cornette, by and through the undersigned counsel, and complaining of the Defendant, UHIL 39, LLC, and does hereby allege and state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Sergeant Major Jason K. Cornette, ("Plaintiff"), is a citizen and resident of Harnett County, North Carolina.

2. Upon information and belief, the Defendant, UHIL 39, LLC ("Defendant"), is a Delaware limited liability company with its principal place of business located at 2727 N. Central Avenue, Phoenix, Arizona 85004.

3. At all times relevant to the facts and allegations set forth herein, Defendant: (a) maintained licenses and registrations to do business in the state of North Carolina; (b) regularly conducted business in the State of North Carolina; (c) maintained continuous and systematic contacts with the State of North Carolina; (d) committed acts and/or omissions within the State of North Carolina which gave rise to the instant action; (e) injected their products and/or materials into the stream of commerce within the State of North Carolina; and/or (f) acted as one entity with

1

a parent or subsidiary which, at all times relevant to the facts and allegations set forth herein, had continuous and systematic contacts with the State of North Carolina.

4. The Superior Court of Harnett County has subject matter and personal jurisdiction over the claims and parties hereto.

5. Venue is proper in Harnett County, North Carolina, pursuant to N.C. Gen. Stats. § 1-82.

## PREDICATE FACTS

6. Plaintiff hereby realleges and incorporates by reference paragraphs 1-5 of this Complaint as if fully set forth herein.

7. Upon information and belief, on or about September 6, 2018, an unknown individual rented a U-Haul truck bearing U-Haul Equipment No.: TM 6466H ("Truck"), from Defendant's location.

8. Upon information and belief, upon entering Defendant's premises to retrieve the Truck, the unknown individual represented and held himself out to be Plaintiff.

9. Upon information and belief, Defendant had policies and procedures in place to verify the identities customers, including but not limited to verifying and copying such individuals' drivers' licenses.

10. Upon information and belief, at the time such unknown individual retrieved the Truck from Defendant's location, Defendant's employees, including but not limited to Leslie Atkinson and Corey Patterson, failed, *inter alia*, to:

    a. Verify the identity of such individual;

    b. Verify and copy the individual's driver's license;

2

  c. Obtain a signed copy of the contract between the unknown individual and Defendant.

11. On or about October 2, 2018, Defendant notified Plaintiff that the Truck was outstanding, and requested that Plaintiff return the Truck.

12. At such time, Plaintiff informed Defendant that his identity had been stolen and that he was not the individual who had rented the Truck from Defendant.

13. Defendant instructed Plaintiff to contact U-Haul Corporate Equipment Recovery ("U-Haul Corporate"), to resolve the issue.

14. Plaintiff contacted U-Haul Corporate and informed it of the situation.

15. Upon information and belief, on or about October 6, 2018, local police recovered the Truck and returned it to Defendant.

16. Upon information and belief, at such time, U-Haul Corporate directed Defendant to cease its pursuit of criminal proceedings against Plaintiff, as the Truck had been recovered and Plaintiff was not responsible for the theft of the Truck.

17. Upon information and belief, Defendant refused to cease its pursuit of criminal proceedings against Plaintiff, and in fact initiated criminal proceedings against Plaintiff.

18. On or about October 18, 2018, Plaintiff filed a police report related to the theft of his identity.

19. On or about October 23, 2018, Plaintiff provided U-Haul Corporate with such police report and copy of his driver's license.

20. Shortly thereafter, U-Haul Corporate informed Plaintiff that the case had been closed internally and that U-Haul would not pursue proceedings against Plaintiff.

21. Upon information and belief, at such time, U-Haul Corporate again directed Defendant to cease its pursuit of criminal proceedings against Plaintiff, as the U-Haul truck had been recovered and Plaintiff was not responsible for the theft of the U-Haul truck.

22. Upon information and belief, Defendant refused to cease its pursuit of criminal proceedings against Plaintiff.

23. On December 14, 2019, approximately one year later, Plaintiff was arrested in connection with the theft of the Truck.

24. Again, Plaintiff contacted U-Haul Corporate, which assured Plaintiff that the case had been closed and provided Plaintiff with documentation on behalf of U-Haul Corporate: (a) stating that U-Haul closed their internal case against Plaintiff due to identity theft; and (b) requesting that the prosecuting District Attorney drop all charges against Plaintiff.

25. Upon information and belief, at such time, U-Haul Corporate again directed Defendant to cease its pursuit of criminal proceedings against Plaintiff, as the Truck had been recovered and Plaintiff was not responsible for the theft of the Truck.

26. Upon information and belief, Defendant refused to cease its pursuit of criminal proceedings against Plaintiff.

27. As a result of Defendant's continued pursuit of criminal proceedings, Plaintiff was forced to obtain counsel and attend hearings in Lee County District Court on January 15, 2020, February 12, 2020, March 10, 2020, and April 7, 2020.

28. On or about April 7, 2020, all charges against Plaintiff were dismissed.

29. At all hearings prior to the case's dismissal on or about April 7, 2020, Defendant, the prosecuting witness in the criminal proceeding, refused and/or failed to appear and state its desire to cease criminal proceedings against Plaintiff.

30. As such, the District Attorney refused to drop charges and cease prosecution, as Defendant, the prosecuting witness, continuously refused and/or failed to appear and state its desire for the District Attorney to cease pursuit of such criminal proceedings.

31. Upon information and belief, notwithstanding its knowledge that the criminal proceedings against Plaintiff were meritless and notwithstanding repeated direction from U-Haul Corporate to cease pursuit of such criminal proceedings, Defendant refused to take necessary action to cease pursuit of such proceedings, and continued prosecuting such proceedings.

## **COUNT I**
### *(Malicious Prosecution)*

32. Plaintiff hereby realleges and incorporates by reference paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Defendant initiated, instituted, instigated, and/or prosecuted a criminal proceeding against Plaintiff.

34. There was a lack of probable cause for initiation of the criminal proceeding against Plaintiff.

35. Defendant's initiation of such criminal proceeding was malicious, in that Defendant knew, prior to initiating such criminal proceeding, that, *inter alia*:

   a. Plaintiff's identity had been stolen and he was not responsible for the theft of the Truck; and

   b. U-Haul Corporate did not wish to pursue charges and had instructed Defendant not to pursue charges against Plaintiff.

36. Notwithstanding such knowledge, Defendant continued to prosecute such criminal proceeding, in an effort to disgrace, humiliate, and otherwise harm Plaintiff.

37. Such conduct was committed maliciously and with willful and wanton purposes, justifying an award of punitive damages against Defendant.

38. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

5

## COUNT II
*(Abuse of Process, in the alternative)*

39. Plaintiff hereby realleges and incorporates by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

40. Alternatively, after initiating a criminal proceeding against Plaintiff, Defendant discovered that such criminal proceeding was meritless, but continued, notwithstanding such knowledge, to prosecute such criminal proceeding.

41. Specifically, Defendant, after initiating such criminal proceeding, learned, *inter alia*, that:

   a. Plaintiff's identity had been stolen and he was not responsible for the theft of the Truck; and

   b. U-Haul Corporate did not wish to pursue charges and had instructed Defendant not to pursue charges against Plaintiff.

42. Notwithstanding such knowledge, Defendant continued to prosecute such criminal proceeding, in an effort to disgrace, humiliate, and otherwise harm Plaintiff.

43. Such conduct was committed maliciously and with willful and wanton purposes, justifying an award of punitive damages against Defendant.

44. As a direct and proximate result of Defendant's abuse of process, Plaintiff suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT III
*(Negligence)*

45. Plaintiff hereby realleges and incorporates by reference paragraphs 1-44 of this Complaint as if fully set forth herein.

46. At all times relevant to the facts and allegations set forth herein, Defendant owed Plaintiff the duty to, *inter alia*, conduct its business in a commercially reasonable manner, taking reasonable steps to ensure that innocent victims like Plaintiff were not wrongfully prosecuted based on the theft of their identities.

47. Upon information and belief, Defendant had policies in place to verify the identities of individuals renting equipment.

48. Defendant failed, *inter alia*, to:

   a. Verify the identity of the individual who rented the Truck under Plaintiff's name on September 6, 2018;

  b. Verify and copy such individual's driver's license; and

  c. Obtain a signed copy of the contract between such individual and Defendant.

49. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court as follows:

1. That Plaintiff may have and recover an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for Defendant's malicious prosecution;

2. That Plaintiff may have and recover an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for Defendant's abuse of process;

3. That Plaintiff may have and recover an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for Defendant's negligence;

4. That Plaintiff may have and recover punitive damages for Defendant's willful, wanton, and malicious conduct, as set forth herein;

5. That the costs and attorneys' fees related to this action be taxed to Defendant;

6. For pre- and post-judgment interest at the legal rate;

7. For a trial by jury on all issues so triable; and

8. For such other and further relief as this Court deems just and proper.

This, the 28th day of September, 2020.

**VAN CAMP, MEACHAM & NEWMAN, PLLC**
*Attorneys for the Plaintiff*

By: /s/ Joseph H. Karam
Joseph H. Karam
N.C. State Bar No. 54520
PO Box 1389
Pinehurst, NC 28370
Telephone (910) 295-2525
Facsimile (910) 295-2001
joe@vancamplaw.com

7